UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>　　　　　Petitioner,<br>　v.<br><br>TERRY ROYAL, *et al.*,<br><br>　　　　　Respondents. | Case No. 3:25-cv-00157-MMD-CLB<br><br>SCREENING ORDER |

**I.　SUMMARY**

*Pro se* Petitioner Juan Rodriguez has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")) and a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 1 ("Motion")). The Court finds that good cause exists to grant the Motion. This matter now comes before the Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, this Court directs service of the Petition and appoints counsel for Rodriguez.

**II.　BACKGROUND**[1]

Rodriguez challenges his conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Juan Rodriguez*, C278700-1. On June 3, 2015, the state district court entered a judgment of conviction, following a jury trial, convicting Rodriguez of first-degree murder with the use of a deadly weapon, burglary while in possession of a deadly weapon, and sexual assault with the use of a

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

deadly weapon. (ECF No. 1-1 at 11-12.) Rodriguez was sentenced to life in prison with parole eligibility after 20 years for the first-degree murder conviction plus a consecutive term of 96 to 240 months for the deadly weapon enhancement, 48 to 120 months for the burglary conviction, and life in prison with parole eligibility after 10 years for the sexual assault conviction plus a consecutive term of 48 to 120 months for the deadly weapon enhancement. (*Id*. at 12.) The burglary sentence was ordered to run consecutive to the first-degree murder sentences, and the sexual assault sentences were ordered to run concurrent to the burglary sentence. (*Id*.) Rodriguez appealed, and the Nevada Supreme Court affirmed on November 18, 2016. (*Id*. at 42.)

On December 7, 2017, Rodriguez filed a state habeas petition. (*Id*. at 46.) The state court denied Rodriguez's petition. (*Id*. at 104-24.) Rodriguez appealed, and the Nevada Supreme Court reversed and remanded, finding that the state court erred in denying Rodriguez's petition without appointing counsel. (*Id*. at 135.) After counsel was appointed for Rodriguez and a supplemental counseled petition was filed, the state court again denied Rodriguez postconviction relief. (*Id*. at 176.) Rodriguez appealed, and the Nevada Supreme Court affirmed on March 13, 2025. (*Id*. at 242.) Remittitur has yet to issue.

## II.  DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court finds that a response is warranted in the instant case.

In his Petition, Rodriguez requests the appointment of counsel. (ECF No. 1-1.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition, the Court provisionally appoints the Federal Public Defender to represent Rodriguez. The Court finds that appointment of counsel is in the interests of justice given, *inter alia*, (1) the fact that Rodriguez does not speak, read, or write English, (2) Rodriguez's life sentences, and (3) the complexities of this case.

### III.  CONCLUSION

It is therefore ordered that the Motion to proceed IFP (ECF No. 1) is granted.

The Clerk of Court is further directed to (1) file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically serve Respondents' counsel a copy of the Petition (ECF No. 1-1), (4) electronically provide Respondents' counsel a copy of this Order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing, (5) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (6) send a copy of this Order to Rodriguez and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 21 days of entry of this Order. No further response will be required until further directed.

It is further ordered that the request for appointment of counsel is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Rodriguez by filing a notice of appearance or (2) indicate the office's inability to represent Rodriguez in these proceedings. If the Federal Public Defender is unable to represent Rodriguez, the Court will appoint alternate counsel. Appointed counsel will represent Rodriguez in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Rodriguez remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 28th Day of March 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE