UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN RODRIGUEZ, Petitioner, v. TERRY ROYAL, *et al.*, Respondents. | Case No. 3:25-cv-00157-MMD-CLB<br>ORDER |

Petitioner Juan Rodriguez, a Nevada prisoner, filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 17 (“Amended Petition”).) Respondents moved to dismiss the Amended Petition. (ECF No. 40 (“Motion”).) Rodriguez opposed the Motion (ECF No. 44), and Respondents replied (ECF No. 47). For the reasons discussed below, the Court grants the Motion in part and instructs Respondents to file an answer.

## I. BACKGROUND

On June 3, 2015, following a jury trial, the state court entered a Judgment of Conviction, convicting Rodriguez of first-degree murder with the use of a deadly weapon, burglary while in possession of a deadly weapon, and sexual assault with the use of a deadly weapon. (ECF No. 32-22.) Rodriguez appealed, and the Nevada Supreme Court affirmed on November 18, 2016. (ECF No. 33-7.) Remittitur issued on December 13, 2016. (ECF No. 33-8.)

Rodriguez filed a state habeas petition on December 7, 2017. (ECF No. 33-9.) The state court denied the petition. (ECF No. 33-15.) Rodriguez appealed, and the Nevada Supreme Court reversed and remanded on June 17, 2019, finding that the state court erred in denying Rodriguez’s petition without appointing counsel. (ECF No. 34-15.) Following the remand, the state court again denied Rodriguez post-conviction relief. (ECF

No. 35-11.) Rodriguez appealed, and the Nevada Supreme Court affirmed on March 13, 2025. (ECF No. 36-22.) Remittitur issued on April 3, 2025. (ECF No. 36-23.)

Rodriguez commenced this action on March 20, 2025. (ECF No. 1.) The Court appointed counsel for Rodriguez, and Rodriguez filed his counseled Amended Petition on December 23, 2025. (ECF Nos. 7, 17.) In his Amended Petition, Rodriguez raises the following grounds for relief: (1) his sexual assault conviction is supported by insufficient evidence, (2) the trial court erroneously admitted inflammatory and prejudicial evidence, (3) his trial counsel failed to investigate and present evidence of his mental illness, and (4) there were cumulative errors. (ECF No. 17.)

## II. DISCUSSION

Respondents argue that (1) the Amended Petition is untimely and all claims that do not relate back to a timely petition must be dismissed, (2) grounds 2, 3, and 4 are unexhausted, and (3) grounds 2 and 4 are not cognizable. (ECF No. 40.) The Court will address these arguments in turn.

### A. Timeliness

Respondents argue that while Rodriguez's original petition was timely filed, his Amended Petition was untimely filed. (ECF No. 40 at 6-7.) Rodriguez rebuts that the claims in his Amended Petition relate back to his original petition. (ECF No. 44 at 2-5.)

A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the Original Petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655-64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core

facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id*. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id*. at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id*. at 659 n.5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Respondents contend that Rodriguez did not raise any substantive ground in his original petition; rather, he simply incorporated the documents he attached to his petition. (ECF No. 40 at 8.) Rodriguez asserts that grounds 1 and 2 of his Amended Petition were included in his direct appeal opening brief, which he attached to his original petition, and grounds 3 and 4 of his Amended Petition were included in his state habeas petition and state habeas appellate opening brief, which he also attached to his original petition. (ECF No. 44 at 4.)

"If a petitioner attempts to set out habeas claims by identifying specific grounds for relief in an original petition and attaching a court decision that provides greater detail about the facts supporting those claims, that petition can support an amended petition's relation back." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). For relation back purposes, "the original petition consists of the petition itself and any 'written instrument[s]' that are exhibits to the petition." *Id*. (quoting Fed. R. Civ. P. 10(c)).

Here, the attachments to the original petition contain all four grounds for relief raised in the Amended Petition. Thus, because (1) the original petition was timely filed and (2) the grounds in the Amended Petition relate back to the original petition, the Court finds that each ground of the Amended Petition is timely.

**B. Exhaustion**

Respondents argues that ground 2, part of ground 3, and ground 4 are unexhausted. (ECF No. 40.)

A state prisoner first must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277-78.

In ground 2, Rodriguez alleges that the trial court violated his right to due process and a fair trial by erroneously admitting inflammatory and prejudicial evidence of prior bad acts. (ECF No. 17 at 20-23.) Respondents argue that Rodriguez failed to federalize this claim. (ECF No. 40 at 10.) However, in his state appellate opening brief, Rodriguez stated that the issue was "[w]hether [his] 5th and 14th amendment right to due process and a fair trial were violated amounting to prejudicial error and requiring reversal of his convictions where the court allowed prior bad act evidence." (ECF No. 33-1 at 8.) Respondents argue that this issue statement was insufficient to exhaust this claim because Rodriguez was

required to provide the federal citation within the argument section of his brief. (ECF No. 47 at 6.)

The Court finds that Rodriguez fairly presented ground 2 to the Nevada appellate courts. A reasonable jurist would have been alerted to the existence of the federal question of ground 2 even though the citation to Rodriguez's federal rights was included in the issue statement rather than the body of the opening brief. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) ("To exhaust his claim, [petitioner] must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing."). Accordingly, because the Nevada appellate courts had the opportunity to correct Rodriguez's alleged violations of his federal rights, the Court finds that ground 2 was properly federalized and exhausted.

In ground 3, Rodriguez alleges that his trial counsel rendered ineffective assistance of counsel when he failed to investigate and present evidence of his mental illness. (ECF No. 17 at 28-31.) Respondents argue that this ground is partially unexhausted because Rodriguez added new factual allegations in this claim as compared to the claim he presented to the state courts; namely, he did not allege that counsel was ineffective at *sentencing* (in addition to being ineffective at the trial). (ECF No. 40 at 10.) Rodriguez rebuts that even if he did not allege sentencing as one component, among many, of the prejudice analysis under *Strickland* for this ineffective-assistance-of-trial-counsel claim, the legal claim has not been fundamentally altered. (ECF No. 44 at 8.) The Court agrees. Although Rodriguez presents this Court with an additional prejudice argument that he did not present to the state courts, the Court finds that ground 3 is nonetheless exhausted. This additional subordinate argument does not alter the overarching federal legal theory upon which the claim is based: the ineffective assistance of counsel under *Strickland*.

In ground 4, Rodriguez alleges that the Court should grant relief based on cumulative error. (ECF No. 17 at 34-36.) Respondents argue that this claim is

unexhausted because Rodriguez never presented a cumulative error claim that encompassed all grounds in his Amended Petition. (ECF No. 40 at 11.) "[A] cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted." *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008). Here, Rodriguez raised a cumulative error claim in his state habeas appellate opening brief. (ECF No. 36-5 at 50.) However, because grounds 1 and 2 were exhausted on direct appeal and ground 3 was exhausted in his habeas appeal, a cumulative prejudice analysis of all three grounds has not been exhausted. And because only ground 3 was included within Rodriguez's state cumulative error claim, there are no errors to cumulate. As such, the Court dismisses ground 4 due to a lack of factual basis.

**C. Cognizable claims**

Respondents argue that ground 2 is not cognizable.[1] (ECF No. 40 at 12-13.) When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, a claim is not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

As a reminder, in ground 2, Rodriguez alleges that the trial court violated his right to due process and a fair trial by erroneously admitting inflammatory and prejudicial evidence of prior bad acts. (ECF No. 17 at 20.) "[C]laims deal[ing] with admission of evidence" are "issue[s] of state law," *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009), and "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990). However, in this situation, there is still the question of "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d

[1]Respondents also argue that ground 4 is not cognizable (ECF No. 40 at 13-14), but because ground 4 has already been dismissed, the Court need not discuss this argument.

918, 919-20 (9th Cir. 1991); *see Johnson v. Sublett*, 63 F.3d 926, 930 (9th Cir. 1995) (explaining that for the admission of evidence to provide a basis for habeas relief, the evidence must have "rendered the trial fundamentally unfair in violation of due process"). Indeed, the Supreme Court has recently held that "it [is] clear that the introduction of unduly prejudicial evidence could, in certain cases, violate the Due Process Clause." *Andrew v. White*, 604 U.S. 86, 93 (2025). The Court finds that ground 2 is cognizable.

## III. CONCLUSION

It is therefore ordered that the Motion (ECF No. 40) is granted in part and denied in part. The Court denies the Motion as follows: (1) the claims in the Amended Petition are timely, (2) grounds 2 and 3 are exhausted, and (3) ground 2 is cognizable. The Court grants the Motion as to ground 4.

It is further ordered that Respondents file their answer to grounds 1, 2, and 3 within 60 days of the date of this Order. Rodriguez will then have 30 days to file his reply.

DATED THIS 20th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE